LINDEBERG et al. v. HODGENS.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

CONTRACTS (§ 322*)—PERFORMANCE—ADMISSIBILITY OF EVIDENCE—REMOTENESS.

　In an action by architects for services rendered, where the defense was that the plaintiffs permitted improper and inferior materials to be used, evidence of the condition of the house about two years after its completion, accompanied by evidence tending to show that its condition was the same then as when plaintiff certified that it was completed, was not too remote, and was improperly excluded.

　[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1306, 1307, 1339, 1347, 1348, 1465, 1492, 1534–1542, 1754, 1768, 1772, 1801, 1802, 1804–1808, 1815, 1816; Dec. Dig. § 322.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Harrie T. Lindeberg and another against Thomas M. Hodgens. Judgment for plaintiffs, and defendant appeals. Reversed, and new trial ordered.

Argued June term, 1914, before SEABURY, PAGE, and BIJUR, JJ.

Blair & Rudd, of New York City (Arthur B. King, of New York City, of counsel), for appellant.

C. H. & J. A. Young, of New York City, for respondents.

PER CURIAM. The plaintiffs are architects, and sued the defendant for a balance due them for services in drawing plans, making estimates and superintending alterations of a dwelling house owned by the defendant at Greenwich, Conn. The defense in substance is that the plaintiffs negligently supervised the alterations, and permitted and allowed improper and inferior materials to be used, and permitted the work to be done in an improper and an unworkmanlike manner.

Upon the trial the defendant attempted to show the then condition of the house, which was about two years after its completion. Evidence of this nature was excluded by the court upon plaintiffs' objection as being too remote, and evidence tending to show that the condition of the house was the same at the time of the trial as it was when plaintiffs certified that it was completed was also excluded. This was manifestly error.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.